UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICKEY MARTIN,

     Petitioner,

v.                              Case No. 4:19cv562-MW-HTC

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Rickey Martin, through counsel, filed a petition under 28 U.S.C. § 2254 challenging his conviction in the circuit court of Bradford County, Florida, for sexual battery on a child less than 12 years of age in case 2014-CF-594. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After considering the petition, the record, the State's response (ECF Doc. 10), and Petitioner's reply (ECF Doc. 18), the undersigned recommends the petition be DENIED without an evidentiary hearing.

## I.    BACKGROUND

### A.    Offense and Conviction

On June 17, 2015, a jury found Petitioner guilty of capital sexual battery on K.B., a child less than 12 years of age, by a person 18 or older, and the state court sentenced Petitioner to life in prison.  ECF Doc. 10-1 at 48-49.  K.B. was the sister of Petitioner's girlfriend, Brandy, who was 13-14 years older than K.B.  *Id.* at 143. Although K.B. did not live with Brandy, she was often at Brandy's home, where Petitioner also lived for a period of time.  *Id.*

### B.    Post-conviction History and Timeliness

Under the Antiterrorism Effective Death Penalty Act ("AEDPA"), a petition for habeas relief under § 2254 must be filed within one (1) year of certain trigger dates.  28 U.S.C. § 2244(d)(1).  For purposes of this petition, the applicable trigger date is the time of final judgment.

Petitioner filed a direct appeal of his judgment and conviction to the First District Court of Appeals ("First DCA").  *See* First DCA Case No. 1D15-3670.  The First DCA affirmed, *per curiam* and without a written opinion, on March 15, 2017. ECF Doc. 10-2 at 256.  The First DCA denied Petitioner's motion for rehearing on April 13, 2017.  ECF Doc. 10-2 at 266.  Therefore, his conviction became final ninety (90) days later, or on July 12, 2017.  *Lowe v. Fla. Dep't of Corr.*, 679 F. App'x 756, 757–58 (11th Cir. 2017) ("Under the Supreme Court's rules, the 90-day period for filing a petition for certiorari begins to run from the date of entry of the judgment;

and in the event a timely petition for rehearing is filed and denied, the period begins to run from the date of the denial. Sup. Ct. R. 13.3.").

211 days later, on February 8, 2018, Petitioner filed a motion for postconviction relief. ECF Doc. 10-3 at 7. That motion was continuously pending through an order denying it, *id.* at 137, an appeal (1D18-2187), and the issuance of the First DCA's mandate affirming the denial without written opinion on June 19, 2019. *Id.* at 287. Petitioner filed the instant federal petition through counsel 149 days later, on November 15, 2019. ECF Doc. 1. Therefore, the Petition is timely filed.

## II.    LEGAL STANDARDS

### A.    AEDPA

The AEDPA governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Under the AEDPA, relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This standard is both mandatory and difficult to meet. *White v. Woodall*, 572 U.S. 415, 419 (2014). "Clearly established federal law" consists of the governing

legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *Id.*; *Casey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Also, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim

on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 562 U.S. at 99. Therefore, the denial of the claim by the state court is entitled to the deference. *Id.*

Finally, when a federal court reviews a claim under 28 U.S.C. § 2254(d), any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.").

## B.    Ineffective Assistance of Trial Counsel Claims ("IATC")

Petitioner raises several grounds premised on ineffective assistance of trial counsel. An IATC claim requires a showing that (1) counsel's performance during representation fell below an objective standard of reasonableness, and (2) prejudice resulted, *i.e.*, that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. *Id.* at 689. The Petitioner bears the burden of proving that

counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Id.* at 688-89

*Strickland*'s prejudice prong requires a petitioner to allege more than simply that counsel's conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. The Petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Bare allegations the Petitioner was prejudiced by counsel's performance are not enough. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).

## III.   DISCUSSION

Respondent does not specifically argue that Petitioner failed to exhaust any of his claims, and the undersigned agrees that all the grounds have been properly exhausted. Grounds One and Three were raised on direct appeal, and the First DCA affirmed without written opinion. *Martin v. State*, 224 So. 3d 214 (Fla. Dist. Ct. App. 2017); ECF Doc. 10-2 at 256. The First DCA affirmed the judgment without written opinion. The remaining grounds were exhausted because Petitioner raised them in his motion under Florida Rule of Criminal Procedure 3.850. ECF Doc. 10-3 at 7. The First DCA also affirmed the circuit court's denial of that motion without a written opinion. *Martin v. State*, 272 So. 3d 745 (Fla. Dist. Ct. App. 2019).

Because the First DCA upheld the state court rulings without written opinion, this court should "look through" the unexplained decision of the First DCA to the

circuit court's explanation -- the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning and apply the deference due under § 2254(d). *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Based on the undersigned's review of the state court's rationale and applying the deferential standards discussed above, the undersigned finds that Petitioner is not entitled to habeas relief on any of his claims.

> **A.** **Grounds One and Four: The State Trial Court Fundamentally Erred When It Announced to the Jury That It Found the Child Witness Competent to Testify as a Matter of Fact and Law and Counsel was Ineffective for Failing to Object or Move for a Mistrial**

One of the witnesses who testified at the trial was Brandy's 12-year old daughter, T.M. T.M.'s testimony was about an incident between her and Petitioner which took place when she was 11 years old. According to T.M., Petitioner "touched [her] in the wrong spot," which she later described as her crotch. *Id.* at 184. Before T.M. testified about those events, however, the prosecutor asked T.M. several questions about her age, explained the difference between telling the truth and telling a lie, and the consequences of telling a lie. ECF Doc. 10-1 at 177-78. Then, the prosecutor stated, "Your Honor, at this time the state would qualify the witness as competent to testify." *Id.* at 178. In response, the trial judge made the following statement to the jury:

> Ladies and gentlemen, I'm going to tell you, I'm making a determination as a matter of fact and a matter of law that [T.M.] is competent to provide testimony to you; that she understands the difference between

> telling the truth and telling a lie.  So you may consider her for all
> practical purposes to be sworn in as a witness at this point.

ECF Doc. 10-1 at 179.

In Grounds One and Four, Petitioner takes issue with the trial court's statements above.  Specifically, Petitioner claims the trial court made a fundamental error in making those statements to the jury and that counsel was ineffective for failing to object or ask for a mistrial on that basis.

As to the ineffectiveness claim, the state court applied *Strickland* and denied this claim, finding that the judge's statement bore only on T.M's competency to testify and not on her credibility, reliability, or the weight the jury was to give to T.M.'s testimony.  ECF Doc. 10-3 at 139-40.  Thus, the state court concluded counsel was not ineffective for declining to object or move for a mistrial because there was no underlying error by the court.  The undersigned finds the state court's conclusions were not contrary to, and did not involve unreasonable applications of, clearly established Federal law, as determined by the Supreme Court.  28 U.S.C. § 2254(d).

Under Florida law, the judge's comments were proper *and* were required: Pursuant to Fla. Stat. § 90.605, "[i]n the court's discretion, a child may testify without taking the oath if the court determines the child understands the duty to tell the truth or the duty not to lie".  Fla. Stat. § 90.605.  Additionally, the court's competency determination "must be announced on the record and it must be supported by

findings of fact." *Burns v. Inch*, No. 3:19CV394/LAC/EMT, 2020 WL 8513758, at

*37 (N.D. Fla. Dec. 8, 2020), *adopted by*, 2021 WL 534758 (N.D. Fla. Feb. 12,

2021) (citing *Barton v. State*, 704 So. 2d 569, 574 (Fla. 1st DCA 1997)).

Thus, as the state court determined, there was no error in the trial judge's

comments.  The judge's comments comported with Florida law and was required

under Florida law.  Contrary to Petitioner's assertion, the judge did not make any

statements bearing on T.M.s' credibility or reliability.  Thus, Petitioner's reliance on

*Osorio v. State,* 186 So.3d 601 (Fla. 4th DCA 2016) and similar cases dealing with

a court's affirmation of witness as being qualified as an expert, is misplaced.  The

judge in Petitioner's trial merely made a determination that T.M. was competent to

testify as a child witness.  Therefore, Petitioner is not entitled to habeas relief on

Ground One or Ground Four.  *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir.

2001) (counsel is not ineffective for failing to raise a non-meritorious objection).

### B.    Ground Two: Trial Court Error by Admitting Highly Inflammatory Hearsay Statement

In Ground Two, Petitioner claims his right to a fair trial under the Fourteenth

Amendment was violated when the state trial court erred in admitting, over defense

objection, a "highly inflammatory inadmissible hearsay statement concerning an

unknown and therefore unavailable person rumored to have claimed to have been

molested by Petitioner Martin."  ECF Doc. 1 at 7-13.  Specifically, just before trial,

the judge granted the State's motion *in limine* to allow the prosecution to introduce

testimony about a certain out-of-court conversation among K.B., Brandy, and their mother which led K.B. to reveal she had been raped by Petitioner.  ECF Doc. 10-1 at 108-16.

As set forth in Brandy's direct examination, in August of 2014, Brandy was talking with her mother in front of K.B., who was 17 years old at the time and holding her own newborn baby.  ECF Doc. 10-1 at 150.  Brandy told her mother, "A friend of mine had stopped me one day and told me that she had heard from her friends that Rickey was being investigated for molesting a child, and I was like that just doesn't sound like Rickey."  *Id.* at 149.  Brandy also told her mother, "You know, Mom, I don't know if I should believe it or not . . . because it just doesn't seem like something that Rickey would do."  *Id.*  Brandy asked her mother what she thought. *Id.* at 149-50.  At that point, K.B. started crying and began "shaking real bad" -- so bad, in fact, that Brandy said, "Momma, take the baby so she don't drop him."  *Id.* at 150.  K.B. then told Brandy and their mother, "Y'all should believe it" and, after a few minutes, told them that he had raped her when she was 11 years old.  *Id.*; *see also id.* at 214 (the victim's trial testimony about the conversation).

Before testimony began on the first day of trial, the State moved *in limine* to allow testimony about the conversation.  ECF Doc. 10-1 at 108.  The State argued it "would be offering that not as a prior bad act, but to explain exactly how is it that these allegations came forth and the progression of the case".  *Id.* at 109.  Defense counsel objected, arguing "it's something that is very harmful to suggest that there's

another victim out there. . . .  there was no detail about what happened or how this

person was, or any proof about whether it actually happened." *Id.*

As stated above, because the First DCA denied the claim without setting out

its reasoning, this Court will look to the last state court decision that articulated a

reasoning, which is the trial court's decision granting the State's motion *in limine*.

In that decision, the trial court explained that the probative value of the statement,

which was to explain why K.B. waited so long to come forward, outweighed any

prejudice caused by telling the jury about a collateral bad act.  ECF Doc. 10-1 at

110-11.  The trial court also noted the fact that during *voir dire* a potential juror had

asked why the victim waited so long to come forward.  ECF Doc. 117.

The trial court's conclusion was not contrary to, and did not involve an

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court.  28 U.S.C. § 2254(d).  As a general rule, a federal court in a habeas

corpus case will not review the trial court's actions concerning the admissibility of

evidence. *Lisenba v. California*, 314 U.S. 219, 228 (1941); *Osborne v. Wainwright*,

720 F.2d 1237, 1238 (11th Cir.1983).  However, where a state court's ruling is

claimed to have deprived a defendant of his right to due process, a federal court

should then "inquir[e] only to determine whether the error was of such magnitude as

to deny fundamental fairness to the criminal trial. . . ."  *Alderman v. Zant*, 22 F.3d

1541, 1555 (11th Cir. 1994).  Applying that standard here, the undersigned does not

find Petitioner has there was error or that the error was of such magnitude as to have denied him a fair trial.

First, as the trial judge correctly determined, the testimony was not being offered for the truth of the matter asserted, but instead to explain K.B.'s delay in coming forward.  As discussed in Section I, below, defense pointed to the delay as showing improper motive; thus, the State needed to address the reason for the delay and why she suddenly came forward.  Second, the trial judge ameliorated any prejudice that might have been caused by the admission of the conversation by making a limiting instruction to the jury informing them that the evidence was to "be considered by you only as that evidence relates to proof of how the allegations were first reported by [K.B.]."  ECF Doc.  10-1 at 149.  The trial judge also instructed the jury that Petitioner cannot "be convicted for any crime, wrong or act that he has not been charged with in the Information."  *Id.*

Thus, the trial court did not err in admitting the conversation and even if it did, it did not deprive Petitioner of a fair trial.  The jury is presumed to have followed the limiting instruction.  *See Richardson v. Marsh*, 481 U.S. 200, 210 (1987) ("The rule that juries are presumed to follow their instructions is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation of the interests of the state and the defendant in a criminal justice process.").

Petitioner is therefore not entitled to habeas relief on this Ground.

### C.    Ground Three: The Trial Court Erred in Denying the Defense's Request for a Twelve-Person Jury

In Ground Three, Petitioner contends the trial court erred in denying his motion for a twelve-person jury and that such error violated his rights under the Sixth Amendment.  ECF Doc. 10-1 at 299-300.  Petitioner exhausted this claim by raising it on direct appeal, ECF Doc. 10-2 at 165.  As stated above, because the First DCA did not provide a written opinion, this Court will look through the First DCA decision to the trial court's denial of Petitioner's pretrial motion.  In discussing the motion with the state court, defense counsel admitted "I do believe under current case law, the Court certainly does not have to impanel a twelve-person jury", because, as the trial court recognized, Petitioner was not facing a potential punishment of death.  ECF Doc. 10-1 at 24, 299-300.  The trial court's determination was neither s contrary to nor an unreasonable application of federal constitutional law.  ECF Doc. 10 at 28.

As Petitioner himself acknowledges, *Williams v. Florida*, 399 U.S. 78 (1970), holds that the constitutional right to trial by jury does not compel a twelve-person jury.  The *Williams* Court stated as follows:

> The question in this case then is whether the constitutional guarantee of a trial by 'jury' necessarily requires trial by exactly 12 persons, rather than some lesser number—in this case six. We hold that the 12-man panel is not a necessary ingredient of 'trial by jury,' and that respondent's refusal to impanel more than the six members provided for by Florida law did not violate petitioner's Sixth Amendment rights as applied to the States through the Fourteenth.

*Id.* at 86.   The Eleventh Circuit has relied on *Williams* to hold that the Sixth Amendment does not require a twelve-person jury.   *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000) ("This holding [referring to *Williams*] disposes of petitioner's first claim: that the Sixth Amendment required that twelve persons try petitioner's case (because the indictment charged petitioner with the capital felony of first degree murder).").

Petitioner argues, however, that "the result in *Williams* is inconsistent with recent Supreme Court pronouncements in cases reviewing criminal convictions from state courts that the Sixth Amendment requires that 'the truth of every accusation against a defendant should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbors.'"   ECF Doc. 1 at 14 (quoting *Blakely v. Washington*, 542 U.S . 296, 301 (2004) and citing *Apprendi v. New Jersey*, 530 U.S. 466, 477 (2000)).   That statement in *Blakely* cannot reasonably be construed to overrule *Williams.*

In *Blakely* and *Apprendi*, the question was not about the required number of jurors in a criminal trial.   Instead, the question in those cases was whether "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."   *Blakely*, 542 U.S. at 301.   Thus, the sentence from *Blakely* referring to "twelve equals and neighbors", quoting W. Blackstone,

Commentaries on the Laws of England 343 (1769), is merely dicta and does not overrule *Williams*.  Petitioner is not entitled to habeas relief on this claim.

### D.   Ground Five:[1] IATC for Failing to Make an Adequate Motion for Judgment of Acquittal

At the close of the State's case, defense counsel moved for a judgment of acquittal arguing the State had failed to present a prima facie case, given the conflicting and inconsistent testimony regarding K.B.'s age at the time of the offense.  ECF Doc. 10-1 at 223-24.  The judge denied the motion.  *Id.* at 224.  In Ground Five, Petitioner argues counsel's motion was deficient because counsel did not specifically point out that the State failed to prove the offense occurred during the time frame in the Information -- between November 1, 2008, and July 15, 2009.

Specifically, Petitioner first argues none of the State's witnesses gave any specific testimony as to the date of the rape of K.B.  Second, he argues K.B. gave different accounts of whether she was 11 or 12 years old when she was raped.  Third, Petitioner argues, based on K.B.'s testimony about the offense occurring when L.T. was 8 or 9 months old, the offense date could have occurred between July 22, 2008, and October 31, 2008 – dates other than those charged in the Information.  Petitioner thus argues the State failed to present competent substantial evidence to prove beyond a reasonable doubt that the alleged offense occurred during the dates alleged

---

[1] Ground Four was addressed with Ground One in Section III.A., *supra*.

in the information at a time when K.B. was eleven years old, which warranted the granting of a judgment of acquittal. ECF Doc. 1 at 18-19.

Petitioner exhausted this claim by raising it in his 3.850 motion, which the state court denied, reasoning that the date and time are not a substantive part of the Information that the State is required to prove, and the evidence was sufficient to support a jury finding that the victim was eleven when the offense occurred, thus meeting the elements of the statute. ECF Doc. 10-3 at 140-41. The court also concluded counsel was not ineffective under *Strickland* because Petitioner was not prejudiced in his ability to defend against the charge despite the dates alleged in the Information.

Petitioner is not entitled to habeas relief on this claim for two reasons. First, granting relief would require this Court to second-guess a state-court's interpretation of state law. Second, even if the Court reviewed the state-court's decision, Petitioner has not shown that no fair-minded jurist would agree with the state court's ruling. *Loggins v. Thomas*, 654 F.3d 1204, 1220 (11th Cir. 2011) ("a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision.") (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

To succeed on his argument that the state court erred in its application of *Strickland*, this Court would have to find that the state court misinterpreted state law regarding when evidence is substantial enough to support a conviction. A federal

habeas court, however, should decline to second-guess a state court's interpretation of state law. *See Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) ("The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [petitioner's counsel] done what [petitioner] argues he should have done…. It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'") (quoting n *Herring v. Secretary, Department of Corrections,* 397 F.3d 1338 (11th Cir. 2005)); *Vega v. Sec'y, Dep't of Corr.*, No. 17-14778, 2021 WL 4439245, at *5 (11th Cir. Sept. 28, 2021) ("[A]lthough 'the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension,' we 'must defer to the state's construction of its own law' when the validity of the claim that [trial] counsel failed to raise turns on state law.").

Even if the Court were to second-guess the state courts' interpretation of state law, Petitioner's argument fails on the merits. Under Florida law, a conviction is legally sufficient and survives a motion for a judgment of acquittal where it is "supported by competent, substantial evidence." *Johnson v. State*, 238 So. 3d 726, 739 (Fla. 2018). The legal test for considering a motion for judgment of acquittal is "whether, after all conflicts in the evidence and all reasonable inferences therefrom have been resolved in favor of the verdict on appeal, there is substantial, competent evidence to support the verdict and judgment." *Tibbs v. State,* 397 So.2d 1120, 1123

(Fla. 1981). "A judgment of acquittal should only be granted when the jury cannot reasonably view the evidence in any manner favorable to the opposing party." *Criner v. State,* 943 So.2d 224, 225 (Fla. 1st DCA 2006) (citing *Lynch,* 293 So.2d at 45).

Here, Petitioner merely argues, as his counsel did to the jury, that there were conflicts in the testimony concerning when the rape occurred. The existence of a conflict, however, does not mean a lack of sufficient evidence. Based on a review of the record, the State presented sufficient evidence from which the jury could find K.B. was not yet 12 years old when the rape occurred. Thus, the rape could have occurred during the dates set forth in the Information.

K.B. was asked at trial, "When this happened to you, how old were you?" and answered "Eleven." ECF Doc. 10-1 at 215. Then, she was asked if it was before her twelfth birthday, and she testified "Yes." *Id.* Although counsel established on cross-examination that K.B. told officials she was 12 years old at the time of the rape when she first reported the incident, the prosecutor rehabilitated K.B.'s testimony on redirect. K.B. testified that when she first reported the rape no one "had take[n] the time to try to bring [her] back and give [her] some time frames or, you know, the age of certain people in order for you to narrow it down in your mind." *Id.* at 221. She also testified that when she looked back and considered L.T.'s age at the time, she was certain she was eleven and not yet 12 years old when the rape occurred. *Id.*

Also, although Petitioner points out that no testimony was given as to the date L.T. was born, there was sufficient evidence about L.T. and K.B.'s comparative ages to allow a reasonable jury to find K.B. was eleven. K.B. testified her birthday was July 22, 1997, so she turned 12 on July 22, 2009. ECF Doc. 10-1 at 200. Brandy Tyler testified L.T. was 6 years old at the time of the trial on June 17, 2015. ECF Doc. 10-1 at 141. That means L.T. was born sometime between June 17, 2008, and June 16, 2009. The victim testified L.T. was born in 2008, *id.* at 201, and she was "eight or nine months" old when Petitioner raped her. *Id.* at 208. Thus, there is an overlap of 3-4 months when the victim was 11 years old and L.T. could have been 8-9 months old. Therefore, a reasonable jury could find that K.B. was eleven at the time of the rape based on the testimony about L.T.'s age.

Because a judgment of acquittal based on lack of substantial evidence regarding K.B.'s age would not have succeeded, Petitioner cannot meet either element of *Strickland*. An attorney cannot be deemed ineffective for failing to raise claims that are "reasonably considered to be without merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (quotation omitted). *See Knowles v. Mirzayance*, 556 U.S. 111, 126-27 (2009) (the law does not require counsel to raise every available non-frivolous defense). Petitioner is not entitled to habeas relief.

**F.    Ground Six: IATC for Failing to Object to State Trial Court's Closure of the Courtroom for T.M.'s Testimony**

Petitioner argues counsel was ineffective for failing to object to the closure of the courtroom for T.M.'s testimony.  Prior to trial, the State informed the court that it would be requesting the courtroom be cleared during the testimony of T.M., who was 12 at the time of trial.  ECF Doc. 10-1 at 122.  Defense counsel did not object, and the court stated, "The defense is stipulating, under the appropriate statute, the courtroom would be cleared – the state would be entitled to have the courtroom cleared during that testimony." *Id.*  When it was time for T.M. to testify, the court stated, "The next witness is going to be called.  It's also a minor child, so I'm going to direct the courtroom be cleared.  No one will be allowed to be present while the child is testifying except for the attorneys, the defendant, and the jurors, plus court security.  So we would ask everybody to step outside the courtroom, please." *Id.* at 175.  The court cited "a provision under Florida law" that allowed the closure and added that the victim advocate would be allowed to be present and next to the witness. *Id.*

Petitioner argued the court's closure of the courtroom exceeded the permissible scope set forth in Florida Statute § 918.16(1) and that the court failed to conduct the analysis required by *Waller v. Georgia*, 467 U.S. 39 (1984).  Petitioner concludes, "as a result of counsel's ineffectiveness, Petitioner's constitutional right to a public trial was violated because the State did not have a compelling

governmental interest to warrant the closure, the closure was not narrowly tailored to serve that interest because Petitioner's family was excluded in contravention of section 918.16, Florida Statues, and there were reasonable alternatives to the total closure such as having T.M. testify via a video conference."  ECF Doc. 18 at 7.

Petitioner raised this claim in his 3.850 motion, which the circuit court denied. The court reasoned that defense counsel had waived the right to a public trial by stipulating to the closure of the courtroom during T.M.'s testimony and failing to ask request the presence of anyone who had been excluded.   The court also concluded that Petitioner failed to establish he was prejudiced by the closure.  ECF Doc. 10-3 at 141-42.  This conclusion was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.  28 U.S.C. § 2254(d).

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."  U.S. Const., amend. VI. The right to a public trial applies to state criminal defendants through the Fourteenth Amendment.  *In re Oliver*, 333 U.S. 257, 272–73 (1948).  In *Waller*, the Supreme Court considered whether the total closure to the public of a hearing on a motion to suppress violated a defendant's Sixth and Fourteenth Amendment right to a public trial.  *Waller*, 467 U.S. at 40–41.  The Court articulated a four-part test that must be followed when a court considers closing the courtroom to all spectators:

> [T]he party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.

*Id.* at 47.

Additionally, Florida Statute section 918.16 recognizes an overriding interest in protecting a witness under 16 years old or suffering from an intellectual disability testifying about a sex offense. Fla. Stat. § 918.16. Under that statute, all persons should clear the courtroom except "parties to the cause and their immediate families or guardians, attorneys and their secretaries, officers of the court, jurors, newspaper reporters or broadcasters, court reporters, and, at the request of the victim, victim or witness advocates designated by the state attorney's office." *Id.*

Petitioner's main complaint is that his family was present and wanted to remain for the testimony. However, as the circuit court determined, Petitioner did not object to the courtroom being cleared for T.M.'s testimony. Moreover, Petitioner does not allege he told his counsel his family members wanted to be present. Counsel's performance cannot be defective for failing to make an objection he had no reason to suspect was necessary. *Johnson v. Nagle*, 58 F. Supp. 2d 1303, 1343 (N.D. Ala. 1999), *aff'd sub nom. Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001) ("counsel had no reason to suspect that" a certain theory should be presented "particularly in light of what their own client had told them") (citing *Strickland v. Washington*, 466 U.S. 668 (1984) ("The reasonableness of counsel's actions may be

determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. . . . In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.")).

Moreover, Petitioner cannot meet his burden of showing he was prejudiced by counsel's failure to object to the closure of the courtroom. He cannot meet this burden because "[i]f counsel had objected in a timely fashion and had persuaded the trial judge not to partially close the courtroom, there is no reason to believe that would have changed the [T.M.]'s testimony in a way which would have created a reasonable doubt in the jury's mind." *Purvis v. Crosby*, 451 F.3d 734, 738-39 (11th Cir. 2006). Petitioner cannot show the presence of his family members would have changed the outcome of the trial. Indeed, the Eleventh Circuit found a lack of prejudice in *Purvis v. Crosby*, which involved a similar argument, even though the court in *Purvis* assumed, for the sake of efficiency of argument only, three things: (1) the closing was constitutional error under *Waller*; (2) trial counsel's failure to object was defective performance under *Strickland*; and (3) the state 3.850's affirmance of the claim was not entitled to deference under § 2254(d)(1). *Id.* at 738. Thus, as was the case in *Purvis*, Petitioner is not entitled to relief on this ground.

G.    **Ground Seven: IATC for Failing to Object to Improper Introduction of Collateral Crime Testimony from the Victim**

Petitioner argues defense counsel was ineffective for failing to object to the improper introduction of K.B.'s testimony about a collateral crime, when K.B. testified Petitioner inappropriately touched her when she was ten or eleven, prior to the charged offense.  ECF Doc. 1 at 27.  Petitioner argues he was prejudiced by the introduction, because the trial turned on the credibility of K.B., and the collateral crime testimony improperly bolstered her testimony regarding the charged crime. *Id.*

Petitioner raised this claim in his 3.850 motion, which the circuit court denied for failing to meet the *Strickland* standard.  This conclusion was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.  28 U.S.C. § 2254(d).

First, an objection would have been fruitless.  Under the Florida Rules of Evidence in "a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant."  Fla. Stat. § 90.404(2)(b)1 (2014).  "Evidence of prior sexual misconduct toward children has been held admissible in (cases involving sexual battery in the familial context) to show a pattern of criminality, motive, intent, a lustful state of mind toward the victim, and the

relationship between the victim and the offender." *State v. Paille*, 601 So. 2d 1321, 1323 (Fla. 2d DCA 1992); *Lazarowicz v. State*, 561 So. 2d 392, 395 (Fla. 3d DCA 1990) (holding that collateral crime evidence was admissible and relevant to the issues of "motive, intent, and modus operandi for the subsequent crime and to establish the 'entire context' of the crime charged."). Thus, there was no error in the circuit court's admission of the testimony, and an attorney cannot be deemed ineffective for failing to raise claims that are "reasonably considered to be without merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (quotation omitted).

Second, the state courts were not unreasonable in finding no prejudice under *Strickland*. As the circuit court explained, "[e]ven if K.B.'s testimony regarding prior bad acts was admitted in error, any error would be harmless '[b]ecause the victim herself testified to the similar fact evidence, the evidence did not serve to bolster her credibility as a witness.'" ECF Doc. 10-3 at 143 (citing *State v. Paille*, 601 So. 2d 1321, 1324 (Fla. 2d DCA 1992) ("The incidents involving kissing were also significantly less severe than the charged offenses and, as such, would not have indicated a likelihood that the appellant would have participated in more severe conduct."). Also, although the State mentioned this portion of K.B.'s testimony during closing argument, the evidence supporting conviction focused on the victim's testimony about the offense itself and testimony about the changes in the victim's behavior around the time the event occurred, particularly around the Petitioner.

"Because the collateral crimes evidence was admissible and did not become a feature at trial, the state court did not unreasonably apply *Strickland*." *Perez v. Sec'y, Dep't of Corr.*, 2020 WL 7861427, at \*8 (M.D. Fla. Dec. 31, 2020).

Therefore, the state court was not unreasonable in finding no deficient performance or prejudice under *Strickland* and Petitioner is not entitled to habeas relief on this claim.

### H.    Ground Eight:    IATC for Failing to Impeach K.B. with Her Deposition Testimony

Petitioner argues defense counsel was ineffective for failing to impeach K.B. with her deposition testimony concerning her age.  ECF Doc. 1 at 29-30.  Petitioner alleges that during K.B.'s deposition, "she specifically stated L.T. was two years old at the time of the alleged incident and she specifically stated, 'I know I was twelve.'" When counsel in the deposition asked how she knew she was twelve, "K.B. responded it was because she was in sixth grade, 'so I had to have been twelve or turning twelve,' and it was before her birthday in July."  However, "K.B. subsequently agreed the incident occurred during the summer after sixth grade and going into seventh grade, which would have made her already twelve years old." ECF Doc.  1 at 30.  Since age was an element the State was required to prove, Petitioner contends that failure to impeach the witness with the deposition testimony was prejudicial.

Petitioner raised this claim in his 3.850 motion, and the circuit court, once again, found Petitioner failed to meet the *Strickland* standard. Specifically, the circuit court determined it is likely counsel chose to exercise restraint when cross-examining K.B. because of her age and vulnerability. Also, the focus of the defense was that the rape did not occur at all, thus the age of K.B. at the time was only of minimal relevance to the overall trial strategy. The state court's conclusions were not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d).

This is not a situation where counsel did not cross-examine K.B. about her inconsistent statements. Although defense counsel did not continue to press the issue and point out the inconsistency between K.B.'s deposition and her trial testimony, defense counsel did point out K.B.'s inconsistent statements, generally, on cross-examination. As the state courts noted, counsel may very well have chosen "to exercise restraint" rather than continue to press the issue, particularly since K.B. had to take a moment during her examination to collect herself. ECF Doc. 10-3 at 144 (citing *Geralds v. State*, 111 So.3d 778, 795 (Fla. 2010) ("Trial counsel could have reasonably believed that the jury would penalize [defendant] for allowing trial counsel to strenuously cross-examine the victim's children.")). *Id.* Counsel's exercise of restraint was not "outside the wide range of professionally competent assistance" permitted under *Strickland*. 466 U.S. at 690. Petitioner is not entitled to habeas relief on this claim.

## I.    Ground Nine: IATC for Failing to Object and Move for Mistrial for Improper Comments by Prosecutor in Closing

Petitioner argues counsel was ineffective for failing to object or move for a mistrial after the prosecutor made allegedly improper arguments during the State's closing. Specifically, Petitioner takes issue with statements the State made regarding the motive of K.B. and her family and characterizes them as improper bolstering.

Petitioner raised this claim in his 3.850 motion, and the circuit court, applying *Strickland*, found counsel was not deficient and Petitioner was not prejudiced because any objection would have been rejected under Florida law.  This conclusion was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.  28 U.S.C. § 2254(d).

The State's comments do not amount to improper bolstering or commentary on the credibility or veracity of witnesses but instead were a permissible rebuttal to defense counsel's argument suggesting the claims were fabricated.   During the defense's closing argument, counsel argued "this rape didn't happen" and asked rhetorically, "So why come to court and claim that a rape did happen years later?" ECF Doc. 10-1 at 251.  He answered his own question with the following theory:

> We do know that at the time the allegation was made that [Brandy] and Rickey Martin were broken up.  We do not know a lot of the facts about the nature of the breakup.  We do know from some Facebook messaging, that [Brandy] admitted to, she was upset with Mr. Martin for taking the camper and for maybe taking some of her other things.

*Id.* at 251-52.  He then argued that Brandy "came in trying to make this case" and her testimony that she observed him touching the victim inappropriately prior to the rape was inconsistent with her behavior at the time in letting him be around her children and little sister.  *Id.*  Counsel concluded the testimony that the rape occurred did not make sense and argued, "I submit it did not happen."  *Id.*

Petitioner challenges the following statements by the prosecutor during rebuttal closing.  The prosecutor began his rebuttal argument with, "Why would these two children make this up?  I'm talking about [K.B.] because she is seventeen.  She is still a child.  And also about [T.M.] who is twelve."  ECF Doc. 10-1 at 256.  The prosecutor then noted that Brandy had been with Petitioner for five or six years and initially could not believe he would do such a thing.  *Id.* at 256-57.  The prosecutor argued this explained how hard it was for the victim to come forward sooner:

> That was the kind of trauma that [K.B.] was facing.  It only came after some rumor, and she finally broke down.  And the motive for them is a conflict about a camper, a phone.  Putting her own daughter on the stand, her sister on the stand to relive a horrific incident.  Is that really motive?  What would [K.B.] get out of it? What would she get out of it?  If this is made up, one story that actually meshed better together; maybe [T.M.] also was raped.  May that be it?

*Id.* at 257.

Following counsel's objection based on facts not in evidence, the State continued with, "So what is the motive other than telling the truth?  This was not a

pleasant experience for either child.  They came in here, and they told the truth as they remember it."  *Id.*

The circuit court found these comments were not improper under Florida law because "Defense counsel questioned the credibility of the State's witnesses, and the State responded to defense counsel's suggestions of fabrication 'within the permissible bounds of advocacy.'"  ECF Doc. 10-3 at 145 (quoting *Rogers v. State*, 957 So. 2d 538, 548 (Fla. 2007) ("The circuit court summarily denied this claim, finding the prosecutor's comments to be proper rebuttal when viewed in tandem with defense counsel's closing argument.") and *Valentine v. State*, 98 So. 3d 44, 55 (Fla. 2012) ("[P]rosecutorial comments are not improper where, incident to evaluating a witness' credibility, jurors are told to ask themselves what motive the [witness] would have to deceive them.").  The state court therefore concluded "Defendant has failed to demonstrate error or prejudice; thus, this claim is raised without merit." ECF Doc. 146.

The undersigned agrees.  Notably, an attorney cannot be deemed ineffective for failing to raise claims that are "reasonably considered to be without merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (quotation omitted). Because any objection or motion for mistrial would have been rejected, Petitioner is not entitled to habeas relief on this claim.

**J.   Ground Ten: IATC for Failing to Investigate and Present Evidence of the Time Frame That Petitioner Was Living on Powell Street.**

Petitioner argues defense counsel was ineffective for failing to investigate and present evidence concerning the timeframe Petitioner was living on Powell Street, to contradict the State's alleged timeframe.   ECF Doc. 1 at 36.   Specifically, Petitioner explains that Brandy testified she and Petitioner had moved to a house on Powell Street, which was only about two miles away from K.B. *Id.* K.B. described an alleged incident occurring with Petitioner while at the house on Powell Street; however, K.B. did not give specific testimony concerning the date of the alleged incident. Martin asserts he was not living at the Powell Street house until after July 15, 2009. Thus, any alleged incident at the Powell Street house could not have occurred during the dates enumerated in the Information -- between November 1, 2008, and July 15, 2009. *Id.* Petitioner concludes that counsel was ineffective for failing to investigate the dates he lived at Powell Street and to present such evidence to the jury to contradict the dates in the Information.

Petitioner raised this claim in his 3.850 motion, which the circuit court evaluated under *Strickland* and denied. This conclusion was not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d).

First, at the close of trial Petitioner affirmed he was satisfied with the witnesses called, that there were no other witnesses that he requested that defense

counsel call, and that he did not think any witnesses should have been questioned any differently. ECF Doc. 10-1 at 228-29. Petitioner further affirmed he was satisfied with the defense that had been put on in his case. *Id.* As the circuit court found, given these affirmations, Petitioner cannot now argue he had serious concerns about counsel's effectiveness. ECF Doc. 10-3 at 146.

Second, Petitioner cannot show prejudice under *Strickland*, because he cannot show raising any such evidence would have changed the outcome of the case. As stated above, in Section D, there was sufficient evidence for the jury to reasonably conclude that the rape took place during the time set forth in the information. Therefore, Petitioner is not entitled to habeas relief on this claim.

**K.    Ground Eleven: The Cumulative Effect of Defense Counsel's Errors Deprived Petitioner of a Fair Trial**

Petitioner argues, "All of the errors committed by counsel in Petitioner Martin's case, considered either individually or together, resulted in Petitioner Martin being denied a fair trial." ECF Doc. 1 at 40 (citing *Ewing v. Williams*, 596 F.2d 391, 396 (9th Cir. 1979) ("Where no single error or omission of counsel, standing alone, significantly impairs the defense, the district court may nonetheless find unfairness and thus, prejudice emanating from the totality of counsel's errors and omissions.") and *Cargle v. Mullin*, 317 F.3d 1196, 1206-1207 (10th Cir. 2003).

As explained above, however, none of Petitioner's allegations of ineffective assistance of counsel have merit. Thus, "to the extent that [Petitioner's] claim of

cumulative error was based on his claims of ineffective assistance of counsel, this claim fails because, as discussed above, counsel did not render ineffective assistance, and, therefore, there can be no cumulative error." *Pierre v. United States*, 2019 WL 5967873, at *2 (11th Cir. May 30, 2019) (citing *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011) (holding that, "[w]here there is no error or only a single error, there can be no cumulative error")).  Therefore, Petitioner is not entitled to habeas relief on this claim.

## IV.    CONCLUSION

### A.    Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted.  In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Additionally, this Court must take into account the deferential standards prescribed by § 2254. *See id.*  Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See Schriro*, 550 U.S. at 474.

### B.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.      That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Martin*, 2014-CF-594, in the Eighth Judicial Circuit, in and for Bradford County, Florida, ECF Doc. 1, be DENIED without an evidentiary hearing.

2.      That a certificate of appealability be DENIED.

3.    That the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of March, 2022.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.